UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 13-558-4 (MAS) |
| v. | |
| KARL VENORD | **MEMORANDUM ORDER** |

This matter presents issues related to the competency of Defendant Karl Venord to stand trial. On December 4, 2014, the Court held a hearing regarding Defendant's dissatisfaction regarding the representation provided by his Court-appointed counsel, Jerome Ballarotto. At that hearing, both the Government and Mr. Ballarotto expressed concern regarding Defendant's competency to stand trial. Prior to that hearing, Mr. Ballarotto requested that a psychologist, Dr. Gerald Cooke, conduct an evaluation of Mr. Venord. Dr. Cooke's report, while inconclusive on whether Mr. Venord was competent to stand trial, brought to the Court's attention some alarming conduct by Mr. Venord and indicated that Mr. Venord suffered from serious mental health symptoms.

The Court, having observed Mr. Venord at the December 4th hearing, determined that Mr. Venord was unable to make an intelligent waiver of counsel and that Mr. Venord should undergo a second psychiatric evaluation. Accordingly, the Court ordered that Dr. Charles F. Martinson conduct a second psychiatric evaluation of the Defendant. On February 25, 2015, Dr. Martinson conducted that evaluation and submitted a report to the Court on March 3, 2015.

Dr. Martinson's report indicated that Mr. Venord, of his own accord, had ceased taking anti-psychotic medication prescribed to him and that Mr. Venord had, at some recent time, experienced auditory hallucinations. In addition, Mr. Venord made statements reflecting a lack of

understanding as to the charges being brought against him and expressed a belief in an overarching conspiracy between this Court, his attorney, and the Government. This paranoid belief in a conspiracy, according to Dr. Martinson's report, has resulted in an inability to assist in the preparation of his defense. Accordingly, Dr. Martinson's report concludes that Mr. Venord is not competent to stand trial and that the prospect of treatment may result in future competency.

Today, the Court held a hearing, pursuant to 18 U.S.C. §§ 4241 and 4247(d), to determine whether Defendant is mentally competent to stand trial. At the hearing, the Court heard testimony from Dr. Martinson, who testified regarding the contents of his report. Ultimately, Dr. Martinson concluded that, in his medical opinion, Defendant is not competent to stand trial.

Familiar legal principles guide the Court's inquiry in this matter. A criminal defendant is mentally competent to stand trial if two requirements are met. First, the defendant must be capable of assisting his attorney with the defense. That is, the defendant must have the "'present ability to consult with [defense counsel] with a reasonable degree of rational understanding.'" *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998) (citing *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). Second, the Defendant must have a rational understanding of the court proceedings. *Id.* In determining whether a defendant satisfies this standard, the Court may consider a variety of factors, including evidence of the defendant's irrational behavior, the defendant's courtroom demeanor, and the opinions of medical experts. *Drope*, 420 U.S. at 171. The court's competency determination must be supported by a preponderance of the evidence. *See* § 4241(d).

The Court, having considered both the report and testimony of Dr. Martinson, and having heard from and observed the Defendant at the hearing, agrees with Dr. Martinson's assessment. Mr. Venord's conduct and statements exhibit a lack of ability to both understand the nature of the proceedings against him and to assist with his defense. Mr. Venord's statements exhibit extreme

paranoia, and his errant belief in an overarching conspiracy has made it impossible for him to assist his counsel, Mr. Ballarotto, with his defense. It bears mentioning that this is not the first time Mr. Venord's paranoia has interfered with his defense; prior to Mr. Ballarotto's appointment as counsel, Mr. Venord experienced issues with other counsel, Mr. Thomas Dunn, who was previously appointed to represent Defendant, and issues related to Mr. Venord's competency were raised at that time. Further, Mr. Venord's unilateral decision to cease taking his medication has not helped his condition, and the Court credits Dr. Martinson's assertion that additional treatment may improve Mr. Venord's competency. Accordingly, for these reasons, plus the low likelihood of Mr. Venord having feigned his condition, the Court finds that, by a preponderance of the evidence, the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial.

Based on the testimony of Dr. Martinson, the Court also believes that, should the Defendant be placed in the right setting and be provided the appropriate treatment and counseling, he may be able to gain the competency necessary to stand trial. Accordingly, the Court is of the position that the Federal Medical Center in Butner, North Carolina, constitutes a "suitable facility" pursuant to 18 U.S.C. § 4241(d).

Accordingly,

IT IS on this 30th day of April 2015, **ORDERED** that:

1. Defendant Karl Venord is hereby committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d); and

2. The director of the facility in which Defendant is hospitalized shall, within 120 days of the date of this Memorandum Order, or in a shorter time frame if possible, report

to the Court whether there is a substantial probability that, in the foreseeable future, Defendant will attain the capacity to stand trial, as required by 18 U.S.C. § 4241(d)(1).

                                                                                                             _/s/ Michael A. Shipp_

                                                                                              **MICHAEL A. SHIPP**
                                                                                              **UNITED STATES DISTRICT JUDGE**