## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 13-558-4 (MAS) |
| v. | : | |
| | : | |
| KARL VENORD | : | **MEMORANDUM ORDER** |
| | : | |

By Order dated April 30, 2015, the Court found by a preponderance of the evidence that Karl Venord ("Mr. Venord" or "Defendant") was incompetent to stand trial. Accordingly, pursuant to 18 U.S.C. § 4247(d)(1), the Court ordered that Defendant be committed to the custody of the Attorney General for hospitalization and treatment at the Federal Medical Center in Butner, North Carolina ("Butner"). The Court further ordered the director of the facility to report to the Court after 120 days, or in a shorter time frame if possible, "whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to stand trial. . . ." On October 30, 2015, the Associate Warden of the Federal Medical Center in Butner, North Carolina certified that Mr. Venord's competency to stand trial had been restored. The Associate Warden also provided the Court with a psychiatric evaluation of Defendant, which was completed by Dr. Carlton Pyant.

On December 21, 2015, the Court held a hearing pursuant to 18 U.S.C. § 4241(e) to determine the competency of Mr. Venord to stand trial. At the hearing, the Government relied on the psychiatric evaluation of Dr. Pyant to argue that Mr. Venord is competent to stand trial. Defendant's Counsel, Jerome Ballarotto, however, expressed concerns regarding Dr. Pyant's evaluation, and in particular noted that Mr. Venord continues to hear voices and believes that there will be a trial even after he enters a guilty plea. Mr. Ballarotto also noted that Mr. Venord has

stopped taking medications, and, based on his observations, Defendant cannot assist counsel with his defense. Thereafter, the Court conducted a brief colloquy of Mr. Venord to assess his mental state. Before the colloquy, Mr. Ballarotto advised Defendant that the Court would ask him only about his competence and not about the claims against him. In response to all of the Court's questions, Mr. Venord stated that he "plead[s] the Fifth." Mr. Ballarotto advised Defendant that he does not have a Fifth Amendment right with respect to the Court's questions about his competence. Nonetheless, Mr. Venord continued to assert that he "plead[s] the Fifth."

Familiar legal principles guide the Court's inquiry in this matter. A criminal defendant is mentally competent to stand trial if two requirements are met. First, the defendant must be capable of assisting his attorney with the defense. That is, the defendant must have the "'present ability to consult with [defense counsel] with a reasonable degree of rational understanding.'" *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998) (citing *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). Second, the defendant must have a rational understanding of the court proceedings. *Id.* In determining whether a defendant satisfies this standard, the Court may consider a variety of factors, including evidence of the defendant's irrational behavior, the defendant's courtroom demeanor, and the opinions of medical experts. *Drope*, 420 U.S. at 171. The court's competency determination must be supported by a preponderance of the evidence. *See* § 4241(d).

The Court, having reviewed Dr. Pyant's report, having heard the parties' arguments, and having observed Mr. Venord at the December 21st hearing, finds that Mr. Venord is not competent to stand trial. Mr. Venord's conduct and statements exhibit a lack of ability to both understand the nature of the proceedings against him and to assist with his defense. Further, Mr. Venord's apparent unilateral decision to cease taking his medications does not appear to have helped his condition. Accordingly, for these reasons, plus the low likelihood of Mr. Venord having feigned

his condition, the Court finds that, by a preponderance of the evidence, Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial.

The Court, however, believes that, should Defendant be placed in the right setting and be provided the appropriate treatment and counseling, he may be able to gain the competency necessary to stand trial. Accordingly, the Court is of the position that the Federal Medical Center Devens in Ayer, Massachusetts ("Devens"), constitutes a "suitable facility" pursuant to 18 U.S.C. § 4241(d).

Accordingly,

**IT IS** on this 22nd day of December 2015, **ORDERED** that:

1. Defendant is hereby committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d); and

2. The director of the facility in which Defendant is hospitalized shall, within 120 days of the date of this Memorandum Order, or in a shorter time frame if possible, report to the Court whether there is a substantial probability that, in the foreseeable future, Defendant will attain the capacity to stand trial, as required by 18 U.S.C. § 4241(d)(1).

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**