UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 13-558-4 (MAS) |
| v. | |
| KARL VENORD | **MEMORANDUM ORDER** |

By Order dated December 23, 2015 ("Order"), the Court found, by a preponderance of the evidence, that Defendant was mentally incompetent to stand trial. Based on its belief that the Defendant may be able to gain the competency necessary to stand trial if placed in the right setting and provided the appropriate treatment and counseling, however, the Court ordered that Defendant be placed in a "suitable facility" pursuant to 18 U.S.C. § 4241(d). Furthermore, the Order provided that "the Court is of the position that the Federal Medical Center Devens in Ayer, Massachusetts ("Devens"), constitutes a 'suitable facility' pursuant to 18 U.S.C. § 4241(d). "

Notwithstanding the Order, however, by correspondence dated February 24, 2016, Defendant's counsel advised the Court that Defendant had not been transferred to Devens and instead remained in general population in the Philadelphia Federal Detention Center. When the Court inquired with the Bureau of Prisons as to the reason why Defendant had not been transferred to Devens, the Court was advised that due to an administrative error, the U.S. Marshals had not received the Court's Order. Thereafter, the Court caused the Order to be delivered to the U.S. Marshals.

Weeks after the Order had been delivered to the U.S. Marshals, however, Defendant's counsel once again advised the Court that Defendant had not been transferred to Devens, and instead remained in general population in the Philadelphia Federal Detention Center. When the

Court inquired with the Bureau of Prisons as to the reason for its failure to transfer Defendant to Devens, the Court was advised that the Defendant had not been designated to Devens. Rather, the Bureau of Prisons had determined that a facility in Springfield, Missouri was a "suitable facility" within the meaning of the Order. Notwithstanding this determination, however, the Bureau of Prisons confirmed that the Defendant was still in Philadelphia awaiting transfer.

Thereafter, on March 24, 2016, the Court held a telephonic status conference. (ECF No. 223.) During this conference, the parties agreed that, given the length of time that had elapsed since the Defendant's last competency determination and Defendant's counsel's communications with Defendant, Defendant should be evaluated by a mental health professional in Philadelphia before being transferred to a "suitable facility" pursuant to 18 U.S.C. § 4241(d). Accordingly, the Court contacted the Bureau of Prisons to halt Defendant's transfer. At this time, the Court was advised that Defendant was already en route to a facility in Springfield, Missouri and was currently awaiting transfer in Oklahoma City, Oklahoma. Given the amount of time that has elapsed since the Court's Order and the fact that Defendant has spent this time in general population, the Court finds that Defendant's competency should be evaluated prior to placing him in a medical treatment facility.

Accordingly,

IT IS on this 7th day of April 2016, **ORDERED** that:

1. The Court revokes the portion of the December 23, 2015 Order committing Defendant to a suitable facility pursuant to 18 U.S.C. § 4241(d);

2. Defendant shall be transferred back to the Philadelphia Detention Center, where he shall be evaluated by a Court appointed mental health professional;

3. Within 21 days of receiving a competency evaluation, the Court shall hold a competency hearing to determine whether Mr. Venord is mentally competent to stand trial; and

4. The Court shall hold an in-person status conference on April 18, 2016, at 11:00 a.m.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**